IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEVONTRE L. COTTINGHAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-05-932-F |
| | ) |
| **CORRECTIONS CORPORATION OF AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a Wisconsin state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights as well as a conspiracy to violate his civil rights during his incarceration at the North Fork Correctional Facility ("North Fork") in Sayre, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Pursuant to the undersigned's order, a Special Report has been filed [Doc. No. 26], *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978,) along with a motion by Defendants Galindo, Avery, and Cox seeking dismissal based on Plaintiff's failure to exhaust his administrative remedies and, alternatively, based on the expiration of the applicable statute of limitations [Doc. No. 27]. Because Defendants' motion was supported by documentation outside the pleadings, Plaintiff was advised by this court's order [Doc. No. 29] that the motion could be converted by the court to one for summary judgment such that the provisions of Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Local Civil Rule 56.1(c) would apply. Plaintiff has filed his response in opposition to the

motion [Doc. No. 31], and the matter is now at issue. Because consideration of matters outside the pleadings is necessary to resolve the question of whether Plaintiff's complaint was timely filed, it is the recommendation of the undersigned that Defendants' motion be treated as one seeking judgment pursuant to Rule 56 (c), Fed.R.Civ.P., and that such motion be granted and judgment entered in favor of the moving Defendants on the grounds that Plaintiff's complaint is barred by the two-year statute of limitations. *See* Rule 12 (b) (6), Fed.R.Civ.P. Based on the recommended determination that Plaintiff's complaint is barred by the expiration of the two-year statute of limitations period, dismissal of Plaintiff's complaint with all remaining claims is likewise recommended.

**Plaintiff's Complaint**

In describing the nature of his case, Plaintiff states that he is a Wisconsin state prisoner who was formerly incarcerated at the North Fork, a private prison owned by Defendant Corrections Corporation of America [Doc. No. 1, p. 16[1]]. His cause of action consists of multiple counts, each pertaining to a particular Defendant and each complaining about conditions of confinement and maintaining that Plaintiff was subjected to cruel and unusual punishment and deliberate indifference as well as to violations of his due process rights and a conspiracy to violate his civil rights while at North Fork [Doc. No. 1, pp. 17 - 23].

Specifically, Plaintiff sets out numerous factual contentions [Doc. No. 1, pp. 4 - 15] alleging that following an April 28, 2003, riot at North Fork, he was found guilty of

---

[1]Plaintiff has inserted a number of additional but unnumbered pages into his form § 1983 complaint [Doc. No. 1]. For purposes of this report, the page numbers in the thirty (30) page complaint will be referred to as if numbered consecutively without regard to the pagination on the pre-printed form or to Plaintiff's hand-written pagination.

insurrection and failure to follow orders and was placed in segregation, *id.* at 4; while in segregation on May 14, 2003, he was accused of flooding his cell and was gassed and assaulted by Defendants and then denied prompt medical care, *id.* at 4 - 7; he was then placed on "dry cell" status under conditions constituting cruel and unusual punishment, *id.* at 7 - 8; the Defendants then, without regard to exculpatory evidence, disciplined him with more time in segregation and denied his grievance with regard to the May 14th incident, *id.* at 8 - 9; due to his alleged participation in the riot, he continued to be mistreated – including three more incidents of gassings and related abuse – by Defendants while in segregation because North Fork was closing as a result of the riot and the Defendants were losing their jobs, *id.* at 9 - 10; he was not given "tickets" or allowed to present grievances with respect to these incidents and, when he was given a hearing at the conclusion of his disciplinary segregation, he was placed in administrative segregation by Defendants as a result of the "bogus" disturbances, *id.* at 11 - 12; the conspiracy by Defendants to keep him in administrative segregation as a "security risk" caused him to be placed in administrative segregation when he was subsequently transferred from North Fork to Diamondback Correctional Facility ("Diamondback"), another Corrections Corporation of America prison, *id.*; he was treated harshly at Diamondback and legal mail was withheld from him by the "Inst.," causing a criminal appeal to be in default, *id.* at 12; he lost personal property at North Fork, *id.* at 13; and, he lived in "horrid" conditions while in segregation at North Fork, *id.* at 14 - 15.

**Standard of Review**

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992). A *Martinez* report is treated as an affidavit, as is the complaint, if it alleges facts based upon the plaintiff's personal knowledge and has been signed under the penalty of perjury, which is the case here. *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir. 1991). Material factual disputes cannot be resolved through summary judgment based on conflicting affidavits. *Id*. A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving] party." *Id*. at 252. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). knowledge and has been signed under the penalty of perjury, which is the case here.

**<u>Statute of Limitations</u>**

The limitations period for a civil rights action is governed by the forum state's law pertaining to personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276 - 80 (1985). In Oklahoma, that limitations period is two years. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir. 1988). Broadly construed, Plaintiff's complaint alleges that various constitutional rights were violated by the Defendants from May 14, 2003, through the time he left North Fork for Diamondback. By affidavit in their Special Report, Defendants state that Plaintiff was transferred from North Fork on August 1, 2003 [Doc. No. 26, pp. 2 and 9].² Because Plaintiff's complaint was not filed in this court until August 12, 2005, Defendants maintain that such complaint is time-barred.

In his response to Defendants' claim in the dismissal motion that the complaint is untimely, Plaintiff denies that he was transferred on August 1, 2003 [Doc. No. 31, p. 1]. Nonetheless, Plaintiff does not identify the date of his transfer, nor does he claim that the transfer took place as late as August 12, 2003³ – two years prior to the August 12, 2005 filing date; rather, he merely asserts that his transfer took place "several days into August." *Id.* at 2. He further alleges that he placed "the complaint in the Institutions mail on August 3rd 2005," *id.* at 6, and in reliance on the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 276 (1988), he maintains that his complaint should be deemed filed

---

²Defendants do not, however, provide any documentary evidence that supports August 1, 2003, as Plaintiff's transfer date.

³Moreover, there is no evidence in the record suggesting that Plaintiff's transfer to Diamondback was as late as August 12, 2003.

5

as of the date he gave it to the prison authorities at the facility in Green Bay, Wisconsin, where he is currently housed.[4]

The Tenth Circuit has determined that the *Houston* prison mailbox rule is applicable to inmate's filings in § 1983 actions. *Price v. Philpot,* 420 F.3d 1158, 1165 (10th Cir. 2005) ("[A]n inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court."). The inmate bears the burden of proof on this issue. *Id.* In order to meet this burden of timely filing, the inmate must allege and establish that he utilized his prison's *legal* – not regular or institutional – mail system in a timely manner, provided that the inmate's prison has an adequate system for logging in the time and date legal mail was received from an inmate. *Id.* at 1165 - 1166. If the inmate's prison does not have a legal mail system or if the system the prison has does not have satisfactory procedures for recording the times and dates of receipt of a prisoner's legal mail, then the inmate can prove timely filing if he uses his "prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Id.* at 1166.

The *Price* court found the inmate in that case did not meet either test. His complaint contained a certificate of mailing which reflected placement of the document in the institutional mails on a specified date, addressed to the court, with appropriate postage attached. *Id.* at 1163 and 1166. This was not, however, sufficient; the inmate

---

[4]Even under Plaintiff's version of the transfer and filing dates, those claims accruing prior to August 3, 2003, would be time-barred.

6

was *required* to use a legal mail system, if available, in order to benefit from the mailbox rule, and he failed to allege or prove in a timely manner that he did so. *Id.* at 1166 ("[O]nce the timeliness of [the inmate's] complaint became an issue, [the inmate] failed to document his use of the legal mail system before the district court reached its decision on the merits."). Moreover, the inmate never argued that a legal mail system was unavailable, but even had that been true, he still had to prove timely filing with either a notarized statement or by a 28 U.S.C. §1746 declaration,[5] under penalty of perjury, that recited the date on which he deposited his complaint in the regular mail system with postage prepaid. *Id.* at 1166 - 1167. Because the inmate's certificate did not contain the requisite "under penalty of perjury" language, he could not utilize the mailbox rule, and his complaint was deemed filed on the date it was received by the district court. *Id.* at 1167.

---

[5]The requisites for unsworn declarations under penalty of perjury are established by 28 U.S.C. § 1746:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> * * *
>
> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
>    (Signature)".

28 U.S.C. § 1746.

Here, the only statement on Plaintiff's complaint is a 28 U.S.C. § 1746 declaration, under penalty of perjury, that the information contained in the complaint is true and correct [Doc. No. 1, p. 30].[6]  The declaration is signed by Plaintiff and states that it was executed at the Green Bay Correctional Facility on August 3, 2005.  The court's file shows that the complaint was file stamped on August 12, 2005, and the manila envelope in which the complaint arrived is stamped "received" by the Court Clerk on August 12, 2005.[7]

In response to Defendants' motion challenging the timeliness of the complaint, Plaintiff states that

> Cottingham placed his complaint in the Institutions mail on August 3rd 2005. (See Exhibit C) And according to the 9th circuit U.S. Court of Appeals under the mail box rules a prisoner's "court papers" are deemed filed at the moment he delivers them to prison authorities for postage pre paid. Houston v. Lack 487 U.S. 266 (1998) Therefor Cottingham did in fact make the statute of limitations.

[Doc. No. 31, pp. 6 - 7].  Exhibit C is an "Order Request" -- a Wisconsin Department of Corrections form by which Plaintiff requested that the following be purchased and charged to his account: "Extra Postage & Certified Mail Receipt of my civil complaint in Oklahoma."  It shows a notation of "11.7 oz" and a computation of figures totaling 6.58.  It shows that it was signed by Plaintiff on a date that is not totally legible.  Someone, presumably Plaintiff, has written above the photocopy of the receipt that it was signed on 8-3-05.  At best, this order request establishes that Plaintiff purchased postage in the

---

[6] While Plaintiff's complaint contains a 28 U.S.C. § 1746 declaration [Doc. No. 1, p. 30], it has no certificate of mailing.

[7] The envelope further reflects an August 8, 2005, Green Bay postmark with U.S. postage in the amount of $6.58.

amount of $6.58 – the same postage amount reflected on the complaint's mailing envelope – but neither it nor the declaration on Plaintiff's complaint establishes the availability, or non-availability, of a legal mail system at the Green Bay Correctional Facility or whether, and when, the complaint left Plaintiff's hands for mailing. In short, Plaintiff has established only that he verified the truth of the information in his complaint on August 3, 2005, and that he purchased postage in the amount of $6.58.

Plaintiff has not met his burden of alleging or establishing when he surrendered control of his complaint to a prison official and is not entitled to utilize the mailbox rule. Thus, for purposes of the statute of limitations, his complaint was filed on August 12, 2005, over two years from the date of Plaintiff's transfer from North Fork, regardless of whether that transfer was on August 1, 2003, as Defendants maintain or was, as Plaintiff claims, "several days into August." [Doc. No, 31, pp. 1 -2 ].[8] Accordingly, for the reason that no genuine issue remains as to any material fact with regard to the bar of Plaintiffs'

---

[8]The Tenth Circuit has not yet concluded whether tolling of a statute of limitations applicable to a § 1983 claim occurs while an inmate exhausts his administrative remedies pursuant to the requirements of the Prison Litigation Reform Act. *See Smith v. Ortiz,* No. 05-1211, 2006 WL 620871, at *4 (10th Cir. Mar. 14, 2006) (unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3). Plaintiff, who claims that Defendants did not allow him to file other grievances with respect to his claims, did initiate the grievance process with regard to the May 14, 2003, flooding and gassing incident by submitting a grievance worksheet as early as May 17, 2003; a grievance was then filed on June 2, 2003; following resubmission on a new form, the grievance was denied on June 18, 2003, and Plaintiff's appeal was denied on June 27, 2003 [Doc. No. 26, Exhibit C, pp. 1 - 4]. Accordingly, a maximum of forty-two (42) days passed during the exhaustion process. Because Plaintiff would have been aware of the injuries giving rise to his civil rights claims regarding the gassing incident on the day it occurred, Plaintiff's claim for those injuries would have accrued, and the statute of limitations would have started to run, on May 14, 2003, *see Smith v. City of Enid ex rel. Enid City Com'n.,* 149 F.3d 1151, 1154 (10th Cir. 1998), and would have expired two years later, on May 14, 2005. Even assuming that the statute of limitations on this claim was tolled for the forty-two (42) day administrative exhaustion period, the two-year limitations period would have expired on June 25, 2005, well before August 3, 2005, the date on which Plaintiff claims to have filed his complaint.

claims[9] by the statute of limitations and for the reason that the moving Defendants are, therefore, entitled to judgment as a matter of law, the undersigned recommends that summary judgment be granted in favor of Defendants Galindo, Avery and Cox and against the Plaintiff. Based on the determination that Plaintiff's complaint is barred by the expiration of the two-year statute of limitations period, dismissal of Plaintiff's complaint with all remaining claims is likewise recommended.[10]

### **RECOMMENDATION AND RIGHT TO OBJECT**

For the reasons stated, it is recommended that Defendants' motion to dismiss [Doc. No. 27] be treated as one for summary judgment and that summary judgment be granted in favor of Defendants Galindo, Avery and Cox and against Plaintiff. It is further recommended that Plaintiff's complaint and all remaining claims be dismissed.

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of July, 2006, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[9] Plaintiff states in his response that his constitutional rights were also violated after his transfer to Diamondback [Doc. 31, p.1]. While his complaint alleges that the recommendation for administrative segregation made by the committee at North Fork followed him to Diamondback and that "they" started "to treat me harshly" as a result and that the "Inst. discarded" his legal mail, causing him to miss a filing deadline, [Doc. No. 1,p. 12], he has not sued any Diamondback employee for such treatment in this action.

[10] Because Plaintiff is proceeding in forma pauperis, his complaint may be dismissed "at any time" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED THIS 30th day of June, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE