**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

DEVONTRE L. COTTINGHAM,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
-vs-　　　　　　　　　　　　　　)　　　Case No. CIV-05-932-F
　　　　　　　　　　　　　　　　)
CORRECTIONS CORPORATION OF　)
AMERICA, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　)

## <u>O R D E R</u>

On June 30, 2006, United States Magistrate Judge Bana Roberts issued a Report and Recommendation, wherein she recommended that (1) defendants' motion to dismiss (doc. no. 27) be treated as one for summary judgment; (2) defendants' motion be granted on the basis that plaintiff's complaint is barred by the applicable statute of limitations; and (3) plaintiff's remaining claims, not the subject of defendants' motion, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) based upon the determination that plaintiff's complaint is time-barred.

Presently before the court is plaintiff's objection to the Report and Recommendation.  In his objection, plaintiff does not challenge Magistrate Judge Roberts' recommendation of treating defendants' dismissal motion as one for summary judgment.   Rather, plaintiff challenges Magistrate Judge Roberts' recommendation that defendants' motion be granted and that plaintiff's remaining claims be dismissed.  Plaintiff vehemently disagrees with Magistrate Judge Roberts' analysis of the statute of limitations issue.  Initially, plaintiff objects to Magistrate Judge Roberts' reliance on defendants' proffered date of August 1, 2003, as the date

of plaintiff's transfer from the North Fork Correctional Facility in Sayre, Oklahoma, to the Diamondback Correctional Facility in Watonga, Oklahoma. Plaintiff asserts that his transfer took place "several days" into August of 2003 and, being the non-moving party, that fact must be viewed in his favor, particularly in light of no documentary evidence establishing the actual transfer date. Moreover, plaintiff states that, regardless of his transfer to the Diamondback facility several days into August, his complaints continued. Next, plaintiff contends that he has complied with the mailbox rule because his current facility, the Green Bay Correctional Facility, does not have a prison legal mailing system and he has made a declaration under penalty of perjury of the date on which his pleadings were given to the prison authorities for a certified mail receipt and prepaid postage and such date was within the applicable statute of limitations. Finally, plaintiff requests that the court allow his objection to be an amendment to his complaint or that he be allowed an opportunity to amend his complaint verifying the date the complaint was given to prison authorities to be certified and prepaid postage.

At the outset, with no objection from plaintiff as to the treatment of defendants' dismissal motion as one for summary judgment, the court accepts, adopts, and affirms the recommendation without further analysis.

As to plaintiff's challenge of Magistrate Judge Roberts' analysis of the statute of limitations issue, the court has conducted a *de novo* review. Having done so, the court finds that plaintiff's challenge to be without merit. Magistrate Judge Roberts did not outright accept defendants' proffered August 1, 2003 date as the date of plaintiff's transfer. Indeed, in reaching her recommendation, Magistrate Judge Roberts stated:

> Plaintiff has not met his burden of alleging or establishing when he surrendered control of his complaint to a prison official and is not entitled to utilize the mailbox rule. Thus, for purposes of the statute of limitations, his complaint was filed on August 12, 2005, over two years

> from the date of Plaintiff's transfer from North Fork, *regardless of whether that transfer was on August 1, 2003, as Defendants maintain or was, as Plaintiff claims, "several days into August."*

*See*, Report and Recommendation, p. 9 (emphasis added).

The court rejects plaintiff's argument that his complaint is timely on the basis that he still endured hardships after his transfer to the Diamondback facility. The court agrees with Magistrate Judge Roberts that plaintiff has not sued any Diamondback employee for his alleged treatment after the transfer.

In regard to plaintiff's contention that the Green Bay facility does not have a prison legal mailing system, the court notes that plaintiff has attached evidence with his objection to show that the facility does not log out legal mail. Although the evidence was not before Magistrate Judge Roberts, the court has considered that evidence. Such evidence, however, does not warrant a different adjudication of defendants' motion. The Price v. Philpot case, relied upon by Magistrate Judge Roberts, requires that if the inmate does not have access to a legal mail system, the "'mandatory method by which a prisoner . . . proves compliance with the mailbox rule' is to 'submit a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notices' date of deposit with prison officials and attest that first-class postage was pre-paid.'" Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005). Plaintiff states that he "has made a declaration under penalty of perjury of the date on which the documents were given to the prison authorities for certified mail rec[ei]pt and prepaid postage." *See*, Objection to the Report & Recommendation, p. 3. No such declaration exists in the objection or in the record. There is no proper declaration as to when plaintiff's complaint was submitted to prison authorities for mailing. The order request form, Exhibit C to plaintiff's response to defendants' motion, does not establish that plaintiff deposited his pleadings with prison authorities

for mailing on August 3, 2003. The court notes that the original date on that form is illegible, but notwithstanding this deficiency, the order request form does not establish when plaintiff's pleadings were deposited with the prison authorities for mailing. It only establishes that a certified mail receipt and postage were ordered by plaintiff. Therefore, the court agrees with Magistrate Judge Roberts that plaintiff has not met his burden of alleging or establishing when he surrendered control of his complaint to a prison official, is not entitled to the mailbox rule, and his complaint filed on August 12, 2003, is time-barred. Accordingly, the court also accepts, adopts, and affirms Magistrate Judge Roberts' Report and Recommendation as to the recommendation that defendants' motion be granted and that plaintiff's remaining claims be dismissed.

In his objection, plaintiff has requested that the court allow his objection to be treated as an amendment to the complaint. The court denies such request on the basis that the amendment would be futile. The objection does not establish when plaintiff's complaint was submitted to prison authorities for mailing. Plaintiff also requests leave to resubmit an amended complaint verifying the date the complaint was given to prison authorities to be certified and prepaid postage. The court also denies this request. Although plaintiff indicates how he would like to amend his complaint, *i.e.*, to verify the date the complaint was given to prison authorities to be certified and prepaid postage, any such verification would not establish exactly when plaintiff submitted his pleadings to prison authorities for mailing. The proposed amendment therefore would be futile. *See*, Foman v. Davis, 371 U.S. 178, 182 (1962) (court need not grant leave to amend, if amendment would be futile).

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Bana Roberts on June 30, 2006 (doc. no. 32) is **ACCEPTED**, **ADOPTED**. and **AFFIRMED**. Defendants' Motion to Dismiss filed March 27, 2006,

4

by defendants Cox, Guilindo, and Avery (doc. no. 27), which the court treats as one for summary judgment, is **GRANTED**.  Plaintiff's remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Judgment shall issue forthwith.

      DATED August 4, 2006.

 

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0932p001(pub).wpd